**E-FILED**
Tuesday, 24 May, 2011  10:15:25 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Daniel Brostron, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 11-4014 |
| | ) | |
| Advance Metalworking Co., | ) | |
|         Defendant | ) | |

**ORDER**

Now before the Court is the Defendant's Motion to Stay (#12). The motion asserts that the 2011 Patent Reform Act, which has passed the Senate Judiciary Committee and lies in the House of Representatives for review. Were this Act to pass, Defendant asserts that it would preclude this cause of action.

This Court certainly has the discretion to control disposition of cases on its docket. That discretion includes the power to stay a case. The most notable types of stays are actually abstention, under *Colorado River* or *Younger*, for example. But the defendant is not asking this Court to abstain, just to stay this case on the chance that during its pendency Congress might change the governing statute.

Reform of patent law is far from a *fait accompli*. As noted by one court, there is "no indication that legislation is imminent. Moreover, the unpredictability of the legislative process counsel against the imposition of a stay." San Francisco Tech., Inc.v. Dial Corp. - F. Supp. 2d -, 2011 WL 941152 at *4, March 17, 2011 (N.D. Cal.). Whether this Act becomes law is not easily predicted, and the time involved could be weeks, months or even years. See also Utah Women's Clinic Inc. v. Graham, 892 F. Supp. 1379, 1381 (D. Utah 1995)(declining to stay case based on pending possible legislation); Warren v. Oil, Chmcical and Atomic Workers Pension Fund, 729 F.

Supp. 563 (E.D. Mich.1989)(declining to stay pending outcome of legislative effort to overturn governing case law).

Moreover, the case law cited in support of Defendant's motion is not binding on this court, and I find it less than persuasive. For example, Defendant cites Simonian v. Edgecraft Corp., - F. Supp. 2d -, 2010 WL 3781262, Sept. 20, 2010 (N.D.Ill.). In this unreported case[1], there is no quotation such as the one contained in the motion. The Court focused on the fact that there was a split among circuits about false marking cases. No mention was made about pending legislation.

Defendant's assertion that Plaintiff will not be prejudiced by a stay is misleading. Plaintiff has requested, in addition to the monetary relief on which Defendant focuses, injunctive relief and declaratory relief. The cause of action is based on "false marketing", which is prohibited primarily because of its negative impact on the public's interest. See, Juniper Networks Inc. v. Shipley, - F.3d -, 2011 WL 1601995, Apr. 29, 2011 (Fed. Cir.). A delay in this litigation impacts much more than the parties' respective purses.

The proponent of a stay bears the burden of establishing the need for a stay. Clinton v. Jones, 520 U.S. 681, 708 (1997). Defendant has failed to meet that burden. The motion [#12] is DENIED. ENTERED ON May 24, 2011

                                    s/ John A. Gorman

                              JOHN A. GORMAN
                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court was not able to find any other opinion in this case, reported or otherwise.